# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ETHEL L. ABRAHAMS, et al., | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    CIVIL ACTION 10-0326-WS-N |
| | ) |
| PHIL-CON SERVICES, LLC, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This matter is before the Court on the following motions: (1) the defendant's motion to refer this action to the Bankruptcy Court, (Doc. 6); (2) the plaintiffs' motion to withdraw the reference of this action to the Bankruptcy Court, (Doc. 11); (3) the defendant's motion to withdraw the reference of adversary proceeding 10-0075, (Doc. 16); and (4) the plaintiffs' motion to stay consideration and disposition of the defendant's motion to withdraw the reference. (Doc. 18). The parties have filed briefs in support of their respective positions, (Docs. 12, 14, 15, 20-24), and the motions are ripe for resolution.[1]

## BACKGROUND

The defendant ("Phill-Con") operates a landfill in Perry County. The owner of the landfill, and the owner of the permit authorizing operation of the landfill, are debtors in Chapter 11 proceedings pending in the Bankruptcy Court for the Southern District of Alabama.

---

[1] The plaintiffs have withdrawn their motion to stay consideration and disposition. (Doc. 24). Accordingly, that motion is **denied as moot**.

[1]

Some 34 plaintiffs filed this action in June 2010, asserting claims against Phill-Con under the Clean Air Act and the Solid Waste Disposal Act. At roughly the same time, these plaintiffs and about 30 others filed suit in state court against Phill-Con and Phillips & Jordan, Inc. ("P&J"), a contractor at the landfill, asserting various state-law claims arising out of the same course of conduct and alleging violations of the same provision of the Alabama Administrative Code as is cited in the federal complaint.

Phill-Con and P&J removed the state action to the Bankruptcy Court, where it remains as an adversary proceeding.[2] There are thus two lawsuits pending by these plaintiffs against Phill-Con complaining of its operation of the landfill – one in this Court for federal violations and one in the Bankruptcy Court for state violations. The question presented by the pending motions is in which of these federal courts the actions should proceed.

## DISCUSSION

### I. Motion to Refer this Action to Bankruptcy Court.

"Each district may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This District operates under such a general order of reference. The Court concurs with the Bankruptcy Court's determination that it has "related to" jurisdiction over both the removed state action and this action. (Doc. 23, Exhibit A). Because the general order of reference applies to "related to" cases, and because referral is "automati[c]," *In re: Tate*, 2010 WL 320488 at *7 (S.D. Ala. 2010), the defendant's motion to refer is due to be granted.

---

[2] The Bankruptcy Court has deferred ruling on the plaintiffs' motion to abstain or remand pending resolution by this Court of the instant motions. (Doc. 23, Exhibit A at 4-5).

## II. Motion to Withdraw the Reference.

Once made, a reference may be withdrawn "for cause shown." 28 U.S.C. § 157(d). Moreover, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id*. The plaintiffs invoke both provisions.

### A. Mandatory Withdrawal.

Section 157(d) might appear to propound a rather lax standard, but "[o]verwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would eviscerate much of the work of the bankruptcy courts …." *In re: Vicars Insurance Agency, Inc*., 96 F.3d 949, 952 (7th Cir. 1996) (internal quotes omitted). Thus, "courts have uniformly agreed that a narrow interpretation is indeed required." *Id*.

Several narrowing readings have been offered, but only one "has been accepted as an appropriate reading of the statute and effectuation of Congress' intent by most courts." *Vicars Insurance*, 96 F.3d at 952. Under this view, "withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law." *Id*. (internal quotes omitted). Of course, the term "substantial" is not self-defining, but "[t]he majority of courts … generally require that the issues in question require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; significant interpretation of the non-Code statute must be required." *Id*. at 953 (internal quotes omitted). The Eleventh Circuit appears not to have addressed the issue, but district courts within this Circuit have regularly embraced

the "substantial and material" standard and its "significant interpretation" gloss,[3] as have district courts elsewhere.[4]

The plaintiffs acknowledge the "substantial and material" test but argue it is measured by whether the federal issues are "essential to the resolution" of the case. They conclude that their federal causes of action are essential to the resolution of the case because they are the only causes of action alleged. (Doc. 12 at 23). For this position, the plaintiffs rely on *United States v. ILCO, Inc.*, 48 B.R. 1016 (N.D. Ala. 1985).

In *ILCO*, the United States sought injunctive relief under the Clean Water Act, the Resource Conservation and Recovery Act ("RCRA"), and the Comprehensive Environmental Response, Compensation and Liability Act. 48 B.R. at 1018-19. The Court stated that these statutes were "essential to the resolution" of the complaint, but it also emphasized that the case "requires a detailed examination of explicit federal regulations and federal permit requirements." *Id*. at 1021-22. *ILCO* is thus consistent with *Vicars Insurance* and the "significant interpretation" standard that represents the majority view.

As noted, Section 157(d) makes withdrawal mandatory only if the court determines that "resolution of the proceeding requires" consideration of the non-

---

[3] *E.g., BankUnited Financial Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010) (Huck, J.); *In re: Security Bank Corp.*, 2010 WL 2464966 at *3 (M.D. Ga. 2010) (Royal, J.); *In re: Tousa, Inc.*, 2010 WL 1644456 at *2-3 (S.D. Fla. 2008) (Cohn, J.); *In re: Pearlman*, 2008 WL 786809 at *1 (M.D. Fla. 2008) (Conway, J.); *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004) (Fitzpatrick, J.); *In re: Hvide Marine, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.); *In re: TPI International Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998).

[4] *E.g., In re: Boston Generating, LLC*, 2010 WL 4288171 at *4 (S.D.N.Y. 2010); *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009); *In re: Creekside Vineyards, Inc.*, 2009 WL 3378989 at *5 (E.D. Cal. 2009); *In re: Van Vleet*, 2009 WL 3162212 at *17 (D. Colo. 2009); *Murphy v. County of Chemung*, 410 B.R. 145, 148 (W.D.N.Y. 2009); *In re: Snooks*, 2009 WL 230598 at *2 (E.D. Mich. 2009); *Snodgrass v. New Century Mortgage Corp.*, 358 B.R. 675, 679 (S.D.W. Va. 2006); *In re: Rivera*, 2005 WL 4001273 at *2 (N.D. Ohio 2005); *In re: 3dfx Interactive, Inc.*, 2005 WL 1074407 at *3 (N.D. Cal. 2005); *In re: Apponline.com, Inc.*, 303 B.R. 723, 726 (E.D.N.Y. 2004); *Southern Pacific Transportation Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373, 382 (E.D. Tex. 2000); *In re: Service Marine Industries, Inc.*, 2000 WL 777912 at *2 (E.D. La. 2000).

bankruptcy federal law.  That is, consideration of the federal law must be "essential to the resolution" of the proceeding.  If the proceeding can be resolved without considering the federal issue, withdrawal cannot be mandatory.  *Accord In re:  U.S. Airways Group, Inc.*, 296 B.R. 673, 679 (E.D. Va. 2003) (the "essential … to the disposition" requirement flows from the "resolution of the proceeding requires" statutory language).  If, however, consideration of the federal issue is essential to the resolution of the proceeding, the court then determines whether the quality of that consideration rises to the level of "substantial and material," that is, whether it requires "significant interpretation" of federal law.  This is precisely the approach taken by *ILCO* and other cases using *ILCO*'s "essential" language.[5]  It is also the approach taken by *Vicars Insurance* in describing the majority view as being that "withdrawal should be granted only if the current proceeding *could not be resolved without* substantial and material consideration of the non-Code federal law." 96 F.3d at 952 (emphasis added) (internal quotes omitted).

Because the plaintiffs' claims arise under the Clean Air Act and the Solid Waste Disposal Act, they require consideration of those federal laws, but the plaintiffs do not attempt to show that this consideration will require significant interpretation of these statutes as opposed to straightforward application of them.  Nothing in the complaint suggests that the former will be required.

The complaint alleges that Phill-Con violated both federal statutes because it violated a standard established under a state implementation plan approved by the EPA administrator, and most of the complaint addresses this state regulation. (Doc. 1).  It is possible that "laws of the United States" as used in Section 157(d) extends to the regulation,[6] but the plaintiffs' problem remains the same:  they have not explained why their case requires the regulation to be interpreted rather than merely applied.

---

[5] S*ee In re:  TPI International Airways*, 222 B.R. at 667; *In re:  Security Bank Corp.*, 2010 WL 2464966 at *3; *Holmes*, 315 F. Supp. 2d at 1379.

[6] *See Sierra Club v. Administrator, United States Environmental Protection Agency*, 496 F.3d 1182, 1186 (11th Cir. 2007) (state rules made part of an approved state implementation plan under the Clean Air Act "ha[ve] the force and effect of federal law") (internal quotes omitted); *In (Continued)

The party seeking withdrawal bears the burden of demonstrating that it is required. *Vicars Insurance*, 96 F.3d at 953, 954. The plaintiffs have failed to show that this action requires significant interpretation of any non-bankruptcy law of the United States, and they have thus failed to meet their burden. *See In re: Michigan Real Estate Insurance Trust*, 87 B.R. 447, 459 (E.D. Mich. 1988) ("The mere recitation of a section from the U.S. Code with the bald assertion that somehow it applies is insufficient to maintain the burden of proof on the motion."). That Phill-Con "concedes" that mandatory withdrawal applies, (Doc. 15 at 2), does not make it so or remedy the deficiency in the plaintiffs' presentation. Mandatory withdrawal of the reference is inappropriate.

**B. Permissive Withdrawal.**

As noted, a reference may be withdrawn "for cause shown." 28 U.S.C. § 157(d). The decision whether to withdraw the reference is committed to the district court's discretion. *E.g., In re: Tate*, 2010 WL 320488 at *8. The Eleventh Circuit has noted that goals to be considered in determining whether cause exists include "advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re: Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (internal quotes omitted). "Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re: Price*, 2007 WL 2332536 at *2 (M.D. Ala. 2007); *accord BankUnited Financial Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010).

---

*re: Chateaugay Corp.*, 1992 WL 297460 at*3 (S.D.N.Y. 1992) (because a Pennsylvania statute "was enacted under the aegis of [the federal Surface Mining Control and Reclamation Act], it must be considered a law of the United States for purposes of this motion made pursuant to section 157(d)"); *but see ILCO*, 48 B.R. at 1018, 1022 (stating, in an environmental case alleging, inter alia, violations of RCRA based on violations of state regulations, "[i]f only state regulations applied, ILCO would have a strong argument that the mandatory provision did not apply.").

The plaintiffs invoke many of these factors, (Doc. 12 at 24-30), but they overlook the elephant in the room: their related state-claims case, which remains pending in Bankruptcy Court. The plaintiffs have not moved to withdraw the reference of that case, and Phill-Con's motion to withdraw that reference is triggered only "if this Court grants plaintiff's motion" to withdraw the reference in this case. (Doc. 14 at 5 n.3). That is, the Court is asked to consider withdrawing the reference of this action before, not simultaneously with, considering withdrawing the reference of the state action. As discussed below, the plaintiffs cannot muster grounds for withdrawal solid enough to overcome the gross inefficiency of pursuing related actions in separate courts.

The plaintiffs' efficiency argument focuses on its demand for a jury trial as to its requested relief of civil penalties for Phill-Con's historical violations. As this Court has noted, "[f]ederal courts have universally held that a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction …." *In re: Tate*, 2010 WL 320488 at *9 (internal quotes omitted). There are efficiencies to be gained by allowing the Bankruptcy Court to handle the pretrial aspects of this action, even if it must eventually be tried by this Court. *Id*. Those efficiencies are enhanced here, where the Bankruptcy Court is already handling the related state case.

In a similar vein, the plaintiffs complain that it would be inefficient for parties and courts alike were this Court to try the legal claims for civil penalties while the Bankruptcy Court tries the parallel equitable claims for injunctive relief. The remedy for any such inefficiency is not an immediate withdrawal of the reference but a trial in this Court on all claims.

The Bankruptcy Court has found that this is not a core proceeding. (Doc. 23, Exhibit A at 4). However, "[t]he mere fact a bankruptcy proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference." *In re: Tate*, 2010 WL 320488 at *10 (internal quotes omitted). Here, as in *Tate*, "the presence of countervailing circumstances" counsels against withdrawal of a non-core case. *Id*.

According to the plaintiffs, "adjudication of a non-core proceeding by the bankruptcy court does not promote uniformity of bankruptcy administration." (Doc. 12 at 27). The two cases they cite do not support the proposition, and the Court will not search for other authority that might. Nor have the plaintiffs explained how uniformity of bankruptcy administration is better served by withdrawing the reference, so at best this factor appears neutral.

The balance of the plaintiffs' argument is not sufficiently developed to merit response. Simply labeling Phill-Con's motion to refer as "obviou[s] forum shopping," (Doc. 12 at 28), raises no colorable issue. Likewise, merely positing that reference "will likely delay resolution of the bankruptcy case," (*id*.), presents no issue for consideration.[7]

**III. Motion to Withdraw the Reference of the Adversary Proceeding.**

As noted, this motion presupposes that the plaintiffs' motion to withdraw the reference has succeeded. Since it has not, this motion is moot.

**CONCLUSION**

For the reasons set forth above, Phill-Con's motion to refer this action to the Bankruptcy Court is **granted**; the plaintiffs' motion to withdraw the reference is **denied**; and Phill-Con's motion to withdraw the reference is **denied as moot**.

DONE and ORDERED this 23rd day of November, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The Bankruptcy Court's conclusion that this action "directly impacts" the viability of the debtors' plans of reorganization, (Doc. 23, Exhibit A at 4), suggests this action must be resolved before the bankruptcy case can be resolved. The plaintiffs suggest no reason the Bankruptcy Court will be less swift than this Court in bringing that to pass.